Filed 8/17/20  P. v. Dinkins CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>NEELY LE'JON DINKINS,<br><br>      Defendant and Appellant. | B301378<br><br>(Los Angeles County<br>Super. Ct. No. NA083282) |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Thomas T. Ono, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

1

Appellant Neely Le'jon Dinkins appeals the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  Because Dinkins is ineligible for relief as a matter of law, we affirm the court's order.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 11, 2009, Alexi Alvarez and Yesenia Soto were lawfully crossing a Long Beach street with their two small children, two-year-old Oscar and one-year-old Kaylee, who were seated in a Radio Flyer wagon.  Kaylee was wearing a seatbelt.  Dinkins, who was intoxicated, was driving his girlfriend's Dodge Durango.  When making a turn into the intersection, he hit the children but continued to drive, dragging them under the truck.  Attempting to stop Dinkins, a bicyclist chased him, Yesenia climbed onto his truck and pounded on the partially open window, and numerous bystanders screamed at him.  Nonetheless, Dinkins declined to stop.  At some point, Oscar, seriously injured, rolled from underneath the car, but Kaylee remained trapped.  Dinkins continued to speed from the scene for over a mile, inflicting horrific injuries upon Kaylee and killing her.

A jury convicted Dinkins of second degree murder (§ 187, subd. (a), count 1), gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a), count 2), driving under the

_____

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We derive this information from this court's prior opinion in *People v. Dinkins* (Dec. 19, 2012, B231829) (non-published opn.) of which we take judicial notice.  (Evid. Code, §§ 452, subd. (d), 459.)

influence, causing injury (Veh. Code, § 23153, subd. (a), count 3), driving with a blood alcohol level of .08 or more causing injury (Veh. Code, § 23153, subd. (b), count 4), and leaving the scene of an accident (Veh. Code, § 20001, subd. (a), count 5). As to counts 3 and 4, the jury found Dinkins proximately caused injury or death to multiple victims (Veh. Code, § 23558); as to counts 2 through 5, the jury found he personally inflicted great bodily injury on a person under five years old (§ 12022.7, subd. (d)). The trial court sentenced Dinkins to six years eight months in prison, plus 30 years to life. We affirmed the judgment in 2012. (*People v. Dinkins*, *supra*, B231829.)

After passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Dinkins filed a petition for resentencing pursuant to section 1170.95. Using a preprinted form, he checked boxes stating that a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; he was convicted of first or second degree murder under one of those theories; and he could not now be convicted of murder in light of changes to the law wrought by Senate Bill 1437. He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."

On August 9, 2019, the trial court summarily denied the petition because the court file reflected that Dinkins was the actual killer and had not been convicted under a felony murder theory or the natural and probable consequences doctrine. Therefore, he was not entitled to relief as a matter of law.

On September 17, 2019, Dinkins filed a timely notice of appeal.

3

## DISCUSSION

After review of the record, Dinkins's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

The trial court properly denied Dinkins's section 1170.95 petition. Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1170.95 allows resentencing only for persons who were convicted under the felony murder rule or the natural and probable consequences doctrine. Dinkins was the sole perpetrator of the murder and the actual killer. He was not prosecuted under the felony murder rule, the natural and probable consequences doctrine, or any theory of accomplice liability. Consequently, his conviction is unaffected by passage of Senate Bill 1437. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted August 12, 2020, S263219; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481.) Because Dinkins was the actual killer and was not convicted pursuant to the natural and probable consequences doctrine or the felony murder rule, he is statutorily ineligible for section 1170.95 relief.

4

The dissent notes that our Supreme Court is considering when the right to appointed counsel arises under section 1170.95. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.) Because the trial court summarily denied the petition without appointing counsel for Dinkins, the dissent opines that an arguable issue exists, and this court should have ordered supplemental briefing.

But this approach misses the mark. Because there is no possibility Dinkins is entitled to relief under section 1170.95, the question of counsel's appointment is not an arguable issue for *Wende* purposes. Whether or not counsel had been appointed for Dinkins, he is indisputably ineligible as a matter of law—a point the dissent does not appear to dispute. If the Supreme Court should ultimately hold that counsel must be appointed merely upon the filing of a facially compliant section 1170.95 petition, the court's failure to do so here would be harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24.) If appointed, counsel could have done little more than concede Dinkins's ineligibility, and the petition would necessarily have been denied. In the unlikely event the Supreme Court eventually holds the failure to immediately appoint counsel on a section 1170.95 petition falls in the " ' "very limited class of errors" ' " deemed structural, requiring automatic reversal (*People v. Mendoza* (2016) 62 Cal.4th 856, 900; *People v. Reese* (2017) 2 Cal.5th 660, 668–669), Dinkins nonetheless could never obtain a more favorable outcome. He could succeed in the interim step of obtaining counsel, but the ultimate result would be the same: denial of the petition at the eligibility stage. Dinkins is ineligible as a matter of law, pure and simple; counsel's representation can do nothing to change that fact.

Thus, regardless of how our Supreme Court ultimately decides the issue in *People v. Lewis*, there is no genuinely arguable issue for *Wende* purposes.

We have examined the record, and are satisfied no arguable issues exist and Dinkins's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


I concur:


DHANIDINA, J.

LAVIN, J., Dissenting:

The California Supreme Court's decision in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) "require[s] the appellate court 'to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally.' (*Wende, supra,* 25 Cal.3d at pp. 441–442.) The court 'recognize[d] that under this rule counsel may ultimately be able to secure a more complete review for his client when he cannot find any arguable issues than when he raises specific issues, for a review of the entire record is not necessarily required in the latter situation. [Citations.]' (*Id.* at 442.)" (*People v. Kelly* (2006) 40 Cal.4th 106, 118.) If, in its review, the court finds arguable appellate issues, it must order briefing. (*Ibid.*; *Smith v. Robbins* (2000) 528 U.S. 259, 280.)

In this case, defendant filed a petition under Penal Code section 1170.95 in which he provided the required information and requested the appointment of counsel. Without appointing counsel, the trial court concluded defendant was the actual killer and summarily denied the petition.

But the issue of whether a trial court may summarily deny a petition at this stage without appointing counsel is not settled. Review is currently pending on that issue in the California Supreme Court (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598); many appellate districts in this state have not yet weighed in on the question; and there is disagreement on the point even among the justices of this division (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 911

1

(dis. opn. of Lavin, J.), review granted August 12, 2020, S263219.) As such, whether the trial court erred in this case by summarily denying defendant's petition without appointing counsel is an arguable appellate issue about which this court is required to request supplemental briefing. (*Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3 ["the court, upon finding an arguable issue, should inform counsel for both sides and provide them an opportunity to brief and argue the point"].)

To be sure, the majority urges affirmance without requesting supplemental briefing because it believes the error was harmless. By harmless, the majority means that the facts stated in the court's prior appellate opinion show that defendant is ineligible for relief as a matter of law. But the erroneous deprivation of counsel has consequences that are necessarily unquantifiable and indeterminate, and "[h]armless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternate universe." (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 150.)

I therefore dissent.


                                                          LAVIN, J.


2